UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KMART CORPORATION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 1:10-cv-01521-JMS-DML |
| | ) |
| MCDANIEL & HAHN, L.P., | ) |
| | ) |
|     Defendant. | ) |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, Plaintiff/Counterclaim Defendant, Kmart Corporation ("Kmart"), and Defendant/Counterclaimant, McDaniel & Hahn, L.P. ("McDaniel & Hahn"), by their respective counsel, hereby stipulate to the entry of the following protective order to preserve and maintain the confidentiality of commercially proprietary, trade secrets, or otherwise confidential information and records pursuant to *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*, 178 F.3d 943 (7th Cir. 1999), and its progeny. *See, e.g.*, *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562 (7th Cir. 2000); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544 (7th Cir. 2002). It is not the intention of the parties for this Agreed Protective Order ("Order") to create blanket protections on all disclosures or responses to discovery, rather the protection it affords extends only to the limited information or material that are entitled to be treated and designated as confidential. Accordingly, Kmart and McDaniel & Hahn, by their respective counsel, stipulate and agree, subject to the Court's approval that the following provisions of this proposed Order shall govern the handling of such confidential information and documents in the above-referenced lawsuit ("Litigation").

I/2592763.3

### Definitions and Categories of Confidential Information

1. As used herein, the term "Party" or "Parties" shall refer to Plaintiff Kmart and Defendant McDaniel & Hahn;

2. As used herein, the term "Confidential Information" means trade secrets and other information that is non-public, proprietary, financial and confidential information, the value of which arises from its secrecy, and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the producing Party to have the potential for causing competitive harm to it or giving a competitive advantage to others. Fed. R. Civ. P. 26(c).

3. As used in this Order, "trade secret" means information that:

    (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

    (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; or

    (c) fits within the categories of documents or information considered or deemed as a protectable trade secret under Indiana law.

    Ind. Code § 24-2-3-2.

4. Nothing shall be regarded as Confidential Information if it is information that either:

    (a) Is in the public domain at the time of disclosure;

    (b) Becomes a part of the public domain through no fault of the other party;

    (c) The receiving party can show was in its rightful and lawful possession at the time of disclosure and it is not subject to an independent basis of confidentiality; or

    (d) The receiving party lawfully received from a third party without restriction as to disclosure, provided such third party had the right to

make the disclosure to the receiving party.

5. The term "Designated Confidential Information" means any Confidential Information designated in the manner set out in paragraph 12 below so as to make such Confidential Information subject to the restrictions set out in this Order. With respect to any information designated as Designated Confidential Information:

    (a) The term "Designating Party" means the party, parties, or non-party who designated the information; and

    (b) The term "Receiving Party" means the party or parties to whom such information was produced or otherwise disclosed.

6. The term "Qualified Persons" means:

    (a) Attorneys for a party (in-house or outside counsel) who are working for a party and who are working directly on this Litigation, and the law clerks, paralegals, clerical, secretarial, litigation vendors (such as copying or ESI vendors) or administrative staff of the attorneys to whom it is appropriate that the material be shown for purposes of this Litigation;

    (b) The Court, personnel of the Court (including personnel in the Clerk's office), deposition stenographers, and deposition videographers;

    (c) The Parties. The Parties' agents and employees, but only if they are assisting their attorneys in the Litigation and have signed a document in the form of **Exhibit A** and returned the signed form to the Receiving Party before Confidential Information is disclosed to that person;

    (d) Independent experts or consultants, who are working with or assisting counsel for a party in this Litigation, who have signed a document in the form of **Exhibit A**, and returned the signed form to the Receiving Party before Confidential Information is disclosed to that person;

    (e) Authors, addressees, and recipients of copies of documents containing Designated Confidential Information with respect to only those documents for which they are authors, addressees or recipients;

    (f) Witnesses and deponents who are being questioned concerning Designated Confidential Information, subject to the requirements of paragraph 27 of this Order;

    (g) Such other persons as may be designated by written agreement of the

Parties to this Litigation; and

    (h)    Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties.

7.    The Parties acknowledge, without limitation, that the following categories of information may qualify as trade secrets or confidential information, and may be designated as Confidential Information, regardless of the form such information may take, including but not limited to documents, interrogatory answers, deposition testimony, responses to other discovery demands, as well as all notes, extracts and summaries of such information:

    (a)    <u>Financial data</u>.  *See Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).  Confidential financial data can include, but is not limited to, development and production costs, *Am. Standard*, 828 F.2d at 741, and overhead and labor rates, *Hydraulic Exch. & Repair, Inc. v. KM Specialty Pumps, Inc.*, 690 N.E.2d 782, 786 (Ind. Ct. App. 1998).

    (b)    <u>Market data and market entry decisions</u>. *See Am. Standard*, 828 F.2d at 740-41.

    (c)    <u>Pricing and financial information, including prices, sales, profits, overhead, labor rates, balance sheets, financial statements, and other financial information</u>.  *See Ackerman v. Kimball Int'l Inc.*, 652 N.E.2d 507, 509 (Ind. 1995); *Hydraulic Exch.*, 690 N.E.2d at 786.

    (d)    <u>Contracts that contain confidentiality provisions or otherwise contain proprietary business information</u>.  *See Kobelco Metal Powder of Am. V. Energy Coop.*, 2001 U.S. Dist. LEXIS 18393, *6 (S.D. Ind. 2001).

***Restrictions on Disclosure and Use of Designated Confidential Information***

8.    Designated Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of preparation and trial of this Litigation and related settlement negotiations, and for no other purpose whatsoever, including without limitation any commercial use, and shall not be disclosed to any person except in accordance with the terms of this Order.  No recipient of Designated Confidential Information may use any Designated Confidential Information for any purpose outside of this Litigation without the written consent of

the party designating the material as Confidential.

9. Designated Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons. Any circulation of Designated Confidential Information shall be restricted to Qualified Persons. If any person having access to the Designated Confidential Information violates this Order, he or she will be subject to sanctions by the Court.

10. Any person in possession of Designated Confidential Information shall exercise reasonably appropriate care with regard to storage, custody, or use of such Designated Confidential Information in order to ensure that its confidentiality is maintained.

11. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

*Designation Procedure*

12. Confidential Information should be designated as such by marking the document or response "CONFIDENTIAL" prior to or at the time the document or response is produced.[1] This language, or similar language, shall be placed on each such page or portion of the Confidential Information designated for protection or, in the case of electronic information, on any storage media (such as diskette or CD) on which a copy of the information is produced. If copies of documents are not to be provided initially to the inspecting Party, and the documents are to be produced for inspection, then the producing Party may advise counsel inspecting the documents of their confidential status without marking the documents as provided herein. If copies are later made, they shall be marked as provided herein to indicate their confidential status. In lieu of

---

[1] Because the Parties have already produced some documents prior to the approval of this Order, the Parties reserve the right to re-produce, within thirty (30) days of the date of this Order, any of those documents with the "CONFIDENTIAL" designation if otherwise appropriate under this Order.

marking the original of a document, if the original is not produced, the designating Party may mark the copies that are exchanged or produced. Tangible objects may be designated as subject to this Protective Order by affixing to the object or its container the legend "CONFIDENTIAL." If the object or material cannot itself be conspicuously marked as "CONFIDENTIAL" then the Designating Party's attorney may designate the object or material as "CONFIDENTIAL" by correspondence sent to the Receiving Party's attorney.

13. Confidential Information contained in responses to interrogatories, requests for admission, in other written disclosures shall be designated as such by marking the relevant pages or portions "CONFIDENTIAL" as described in paragraph 12 above.

14. Any party may designate Confidential Information disclosed in a deposition as Designated Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Order or as otherwise provided in paragraphs 15 and 16 below.

15. Each deposition transcript in this Litigation shall be provisionally deemed Designated Confidential Information for a period ("Provisional Designation Period") from the date of the deposition through thirty (30) days after all parties have received the transcript. The Provisional Designation Period for any deposition transcript may be lengthened or shortened by agreement of the parties or by order of the Court for good cause shown.

16. Prior to the end of the Provisional Designation Period, any party may designate Confidential Information disclosed in a deposition as Designated Confidential Information by notifying all of the parties, in writing, of the specific pages and lines of the transcript that contain the Confidential Information. If such a designation is made, the parties shall attach a copy of such written notice or notices to the face of the transcript and each copy of the transcript in their possession, custody or control and shall mark the designated pages of the transcript and copies as

provided in Paragraph 12 above.

*Inadvertent Disclosure*

17. If a party discovers that it has inadvertently disclosed Confidential Information to another party without designating it as Designated Confidential Information, the producing party shall promptly notify the Receiving Party in writing, specifically identifying the information at issue and shall provide to the Receiving Party replacement documents marked as required in this Order to designate the Confidential Information at issue as Designated Confidential Information. The Receiving Party shall return or destroy all originals and copies of the materials containing the inadvertently disclosed Confidential Information, treat the inadvertently disclosed Confidential Information as Designated Confidential Information, and promptly notify any non-Qualified Persons who may have reviewed the inadvertently disclosed Confidential Information before the notice was received that such information shall be treated as Designated Confidential Information.

18. The inadvertent production of any document or information during discovery in this Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the Receiving Party is notified within fifteen (15) days of the discovery that there has been such an inadvertent production. Upon written request by the inadvertently producing party, the Receiving Party shall (even if the Receiving Party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court. Nothing in this paragraph is intended to be inconsistent with FRE 502, and to the extent this paragraph is found to be inconsistent, then FRE 502 will control.

19. A non-party responding to a subpoena in this Litigation shall be entitled, but is not required, to designate deposition testimony or documents as "Designated Confidential Information"

pursuant to this Order, with the same protection and obligations under this Order as if such non-party were a party in this Litigation, provided that the non-party first executes, files and serves in this cause a "Certificate of Consent by Non-Party to Be Bound by Protective Order" which states that the non-party agrees to be bound by the terms and conditions of this Order, has a copy of it, and has read and understands its terms and conditions.

### *Challenges to Designated Confidential Information*

20. A Receiving Party may object to the designation of information as Designated Confidential Information in advance for the purposes of using Designated Confidential Information in support of any filing and/or use in open court ("Disputed Designation"). The Receiving Party and the Designating Party shall first try to resolve such dispute in good faith on an informal basis pursuant to S.D. Ind. L.R. 37.1 and then by following the Court's preferred process for handling such matters. The Receiving Party shall provide written notice to the Designating Party and state the grounds for the objection. If the dispute remains unresolved after five (5) days, the Receiving Party may request the Court to revoke the Disputed Designation. The Designating Party carries the burden of establishing the confidential or secret nature of the information. Unless and until the objection is resolved, the information or document shall continue to be treated as Designated Confidential Information.

21. Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. If an interested member of the public makes such a challenge, the Party who designated the material as Designated Confidential Information shall be allowed to oppose any such challenge.

### *Usage of Designated Confidential Information in Court*

22. In the event that a party wishes to use any Designated Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Litigation, such

Designated Confidential Information shall be filed pursuant to S.D. Ind. L.R. 5.3 and any applicable guidelines as set forth in the CM/ECF policies and proceedings manual. References to or quotations from the Designated Confidential Information shall not be made in a publicly filed document with the Court. In any circumstance where Designated Confidential Information is referenced or quoted in a paper or filing submitted to the Court there shall be two versions filed with the Court, one version redacting the Designated Confidential Information to be used as the public version and a second version with the Designated Confidential Information un-redacted and filed under seal per L.R. 5.3.

23. Whenever Designated Confidential Information is introduced or used at a deposition, hearing, or other proceeding, excluding trial, the portions of the proceeding that concern such Designated Confidential Information shall be conducted under circumstances to ensure that only those persons duly authorized by this Order to have access to such Designated Confidential Information shall be present. Upon the request of any party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern Designated Confidential Information shall be sealed and kept confidential pursuant to the provisions of this Order.

24. If counsel for any party believes that it is reasonably necessary for trial preparation to disclose or otherwise reveal any Designated Confidential Information to any person other than those authorized to receive such Designated Confidential Information under Paragraph 6 of this Order, such counsel shall submit a written request for disclosure to counsel for the Designating Party. The written request for disclosure shall (a) identify each person to whom disclosure is desired, (b) identify with particularity the document, discovery response or deposition testimony to be disclosed, and (c) state the reasons why counsel believes the disclosure to be necessary. Counsel for the Designating Party shall respond in writing to the written request for additional disclosures within five (5) business days after receipt of the written request. Failure to respond to the request

within five (5) business days shall be considered agreement to the requested disclosure. If counsel for the party does not agree that disclosure may be made, the party seeking the additional disclosure may seek an order from this Court to permit the disclosure.

25. Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Designated Confidential Information may be offered in evidence at any Court hearing or trial, provided that the proponent of the evidence gives at least three (3) business days advance written notice to counsel for the Party or Non-Party producing the document or information. Any Party or Non-Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the hearing or trial.

26. Receipt by a Party of information designated as Confidential Information in accordance with this Protective Order shall not (a) constitute a concession that such Confidential Information in fact is or includes confidential or privileged information, or (b) constitute agreement or admission with respect to the competency, relevancy or materiality of any such Confidential Information.

27. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, shall constitute a waiver of any Party's claim or defense in this Litigation or any other action including, but not limited to, the claim or defense that any information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody Confidential Information.

28. Nothing in this Order shall be construed as a waiver by a Party of any objections that might be raised as to discoverability or to admissibility at trial of any evidentiary materials.

29. Any person who receives Confidential Information in connection with this Litigation

and is served with a subpoena or other notice compelling the production of Confidential Information shall give prompt written notice to the producing party as far in advance of the requested production date as possible, and, if possible, no less than fourteen (14) days prior to production.

*Handling of Designated Confidential Information after Conclusion of This Litigation*

30. Except as hereinafter provided or as agreed to by the Parties, within sixty (60) days after the conclusion of this Litigation, all originals and all copies of all documents constituting or containing Confidential Information shall be returned to the producing Party or shall be destroyed by the receiving Party at the option of the producing Party. Counsel for each Party may, however, retain (subject to the provisions of this Order) one copy of any papers filed with the Court, any deposition and trial transcripts, any deposition and trial exhibits, any written discovery requests or responses, its correspondence file, its consultant and expert witness files, and any attorneys' notes, memoranda or other work product.

31. Insofar as the provisions of this Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this Litigation except that there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis.

*Other*

32. Nothing in this Order shall bar or otherwise restrict any qualified attorney in this case from rendering advice to his client with respect to this Litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided that such advice does not entail disclosure to anyone other than to "Qualified Persons" of the substance of any such Confidential Information.

33. Nothing in this Order shall preclude any Party from applying to the Court for

modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the Parties shall confer and make a good faith effort to resolve the matter by agreement.

34. Nothing in this Order shall preclude any Party from applying to the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the production of specific information or documents not otherwise subject to the provisions of this Order.

*FINDINGS*:

35. The Court is satisfied, and therefore finds, that the Parties understand what a trade secret is, and are acting in good faith in deciding which documents or information are trade secrets or confidential information.

36. The Court further finds that there is good cause for the Parties to treat as confidential the documents and/or information which are confidential, as provided in this Order.

STIPULATED AND AGREED TO:

*/s/ Jason A. McNiel*
Zeff A. Weiss, Att'y No. 2025-49
Zeff.Weiss@icemiller.com
Jason A. McNiel, Att'y No. 25703-49
Jason.McNiel@icemiller.com
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN  46282
317-236-2100
*Counsel for Plaintiff Kmart Corp.*
*/s/ Kristopher Kazmierczak*
Ronald M. Katz, Att'y No. 5505-49
rkatz@katzkorin.com
Kristopher Kazmierczak, Att'y No. 19430-49
kkaz@katzkorin.com
KATZ & KORIN, PC
334 North Senate Avenue
Indianapolis, Indiana 46204
317-464-1100
*Counsel for Defendant McDaniel & Hahn LP*

APPROVED.

Date: 05/05/2011                    *Debra McVicker Lynch*
                                    Debra McVicker Lynch
                                    United States Magistrate Judge
                                    Southern District of Indiana

Distribution to:

Zeff A. Weiss                                zeff.weiss@icemiller.com
Jason A. McNiel                              jason.mcniel@icemiller.com
ICE MILLER LLP
*Attorneys for Plaintiff Kmart Corporation*

Ronald M. Katz                               rkatz@katzkorin.com
Kristopher N. Kazmierczak                    kkaz@katzkorin.com
KATZ & KORIN, PC
*Attorneys for Defendant McDaniel & Hahn, L.P.*